UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN STATES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:07CV932 RWS |
| GATES CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BARBARA A. INMAN, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:07CV1554 RWS |
| GATES CORPORATION and AMERICAN STATES INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is composed of two consolidated cases. The cases involve litigation stemming from a personal injury suit brought in state court by Barbara Inman. While the personal injury suit was pending in state court, Plaintiff American States Insurance Company filed the present action in this Court seeking a declaratory judgment regarding its duty to defend or satisfy any judgment in the state court action. After a judgment was entered in Inman's favor in state court she filed an equitable garnishment claim against American States in state court. American States removed the garnishment suit to this Court and moved to consolidate that suit with the declaratory judgment suit already pending before me. Because the removed

garnishment case was closely related to the declaratory judgment case I granted the motion to consolidate.

Inman has moved to remand the garnishment suit and to stay or dismiss the declaratory judgment suit. Upon review of the claims and the record I conclude that the garnishment case was improperly removed and should be remanded. I also conclude that the declaratory judgment action should be stayed in deference to the garnishment claim that will be litigated in state court.

*Background*

In September of 2000, Barbara Inman worked as an employee of Paramount Convention Services, Inc. ("Paramount"). On September 29, 2000, Inman was working in a warehouse owned by Gates Corporation ("Gates") and leased by Paramount. She sustained personal injuries when she fell down an elevator shaft at the warehouse.

On the date of the injury, Paramount was a named insured in a commercial insurance policy for general liability with American States Insurance Company ("American States"). A certificate of insurance in the record lists Gates as an additional insured under the general liability policy. Gates was also covered as a named insured under insurance policies issued by American Family Mutual Insurance ("American Family").

On January 27, 2005, Inman filed a personal injury lawsuit against Gates and other defendants in the Circuit Court of the City of St. Louis, Missouri. On May 9, 2007, shortly before the state court trial, American States filed the present declaratory judgment action against Gates, Inman, and American Family in this Court. American States seeks a determination of whether Gates was insured under the Paramount insurance policy issued by American States.

On May 21, 2007, Inman obtained a judgment against Gates in the state court personal injury lawsuit in the amount of $6,000,000.00. On July 3, 2007, Inman filed an equitable

garnishment action against Gates and American States in the Circuit Court of the City of St. Louis in an effort to collect upon the previously entered judgment. This type of garnishment action directed at the insurer is permitted under Missouri law. See R.S. Mo. 379.200.

On July 25, 2007, Inman served American States with the garnishment action by serving the Missouri Department of Insurance, acting as agent of service. American States asserts that it was not served, for purposes of determining whether removal was timely, until its agent CT Corporation System received the notice of service from the Missouri Department of Insurance on August 3, 2007. American States asserts that it did not receive the service papers from CT Corporation until August 6, 2007.

On September 4, 2007, American States removed Inman's state equitable garnishment action to this Court, alleging that this Court has original subject matter jurisdiction. On September 5, 2007, American States filed a motion to consolidate its federal declaratory judgment action with Inman's state equitable garnishment suit. Inman filed a motion to remand Inman's state equitable garnishment action on September 18, 2007. I granted American States' motion to consolidate the two lawsuits on October 1, 2007. On October 9, 2007, American States filed a motion to realign the parties, requesting that Gates be reassigned as a plaintiff in the removed case. The motions pending in the removed case are American States' motion to realign and Inman's motion to remand. The original declaratory judgment case has a pending motion filed by Inman seeking to dismiss or to stay the case pending the resolution of the state court equitable garnishment action.

The citizenship of the parties is as follows. Inman is a citizen of Missouri. Defendant Gates is a Missouri corporation with its principal place of business in Missouri. Paramount is a Missouri corporation with its principal place of business in Missouri. American States is an

Indiana corporation with its principal place of business in Indiana. American Family is a Wisconsin mutual insurance company with its principal place of business in Wisconsin.

*Analysis*

**I. Equitable Garnishment Action**

A. Timeliness of Notice of Removal

This case was removed from state court based on diversity jurisdiction. To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "A defendant is generally barred from asserting any ground for removal not attempted within that thirty day period. 28 U.S.C. § 1446(b)." Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007).[1]

In this case, service upon American States was made pursuant to R.S. Mo. § 375.906. That section requires all foreign insurance companies to:

> . . . execute[] an irrevocable power of attorney in writing, appointing and authorizing

---

[1] The Dahl court noted the only exception from the rule is where the case was not removable as originally filed but removal first became ascertainable at a later date. Id.

> the director of the department of insurance of this state to acknowledge or receive service of all lawful process, for and on behalf of the company, in any action against the company . . . and *consenting that service upon the director shall be deemed personal service upon the company*.

R.S. Mo. § 375.906(1) (2007) (emphasis added). This provision applies to American States because it is a foreign insurance company (a citizen of Indiana) registered to do business in Missouri.

Inman served the summons and petition in her state equitable garnishment suit upon the Missouri Department of Insurance, acting as American States' agent of service, on July 25, 2007. Under the clear language of § 375.906(1), service upon the Missouri Department of Insurance on July 25, 2007 constituted personal service upon American States. As a result, the thirty-day removal window expired on August 24, 2007. American States did not file its notice of removal until September 4, 2007, eleven days after the removal window expired.

I find that American States did not timely remove Inman's equitable garnishment action and that the case shall be remanded.

### B. Subject Matter Jurisdiction

In order for a federal court to have original diversity jurisdiction over an action, the action must be between "citizens of different states." 28 U.S.C. § 1332(a). Complete diversity is required. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same state as a single defendant results in incomplete diversity and a lack of jurisdiction. Id.

In the present equitable garnishment case, the parties are as follows: Inman as plaintiff, Gates as a defendant, and American States as a defendant. As the parties are currently aligned,

there is not complete diversity because Plaintiff Inman and Defendant Gates are both citizens of Missouri. American States concedes that there is not complete diversity under the current party alignment.

In an attempt to correct this lack of diversity American States has requested that the parties be realigned as follows: Inman as a plaintiff, Gates as a plaintiff, and American States as defendant.[2] However, even if Gates is realigned as a plaintiff complete diversity is still lacking.

The reason for this unusual outcome is that under Federal law, in a direct action against an insurer, the insurer is deemed to be a citizen of the same state as its insured if the insured is not joined as a party-defendant. See 28 U.S.C. § 1332(c)(1)("in any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen . . .").

This case is an equitable garnishment action brought under R.S. Mo. § 379.200. Such a suit is a "direct action" against an insurer for purposes 28 U.S.C. § 1332(c)(1). Prendergast v. Alliance Gen. Ins. Co., 921 F. Supp. 653, 655 (E.D. Mo. 1996). The insured in this matter is Paramount and arguably Gates (both citizens of Missouri). Paramount is not a party-defendant in this matter. If Gates is realigned as a plaintiff (even assuming it is an insured) then it would no longer be a party-defendant in this matter. The result would be that an insured is not a party-defendant in the matter and American States would be deemed to be a citizen of Missouri by operation of § 1332(c)(1).

As a result, whether or not Gates remains a defendant in this matter or is realigned as a plaintiff, the complete diversity requirement of § 1332(a) is not met and the matter must be

---

[2] American States asserts that Inman's and Gates' interests are not diverse and Gates should be construed to be a plaintiff.

remanded.

## II. Declaratory judgment action

American States filed its declaratory judgment action a short time before Inman's personal injury claim was tried in state court. American States seeks a determination of whether Gates is an insured of American States under its policy issued to Paramount. I note that Gates is listed as an additional insured under that policy.

American States alleges in its complaint that Gates asserted coverage from American States under the Paramount policy and sought a right to a defense and of indemnity stemming from Inman's personal injury suit. American States also alleges that at the time of Inman's injury Gates was insured under policies issued by American Family. American States alleges that American Family has also asserted that Gates is an insured under the Paramount policy.

American States claims in its complaint that neither Gates nor American Family have been willing to provide American States with the American Family policies issued to Gates. American States seeks a ruling from this Court declaring whether the Paramount policy provides any coverage to Gates for the claims against Gates by Inman.

This declaratory judgment lawsuit was filed on May 9, 2007. Summons in the suit were not issued by the Court until June 8, 2007 after American States' counsel's motion to appear pro hac vice was filed and ruled upon (June, 6, 2007 and June 7, 2007 respectively). American States served Defendants by certified mail on June 12, 2007.

The state court judgment in Inman's personal injury suit was entered on May 21, 2007 before summons were issued in the declaratory judgment action. Inman's equitable garnishment

suit against American States was filed on July 3, 2007.[3]

Defendant Inman has moved to stay this proceeding pending the resolution of Inman's state court equitable garnishment action against American States. The parties do not dispute that the state court garnishment action will address the exact issue presented to this Court, whether Gates is a covered insured under Paramount's policy. In the alternative, Defendants move to dismiss the complaint based on a lack of diversity and/or a failure to state a claim.

American States asserts that because it filed this case before Inman filed her garnishment action the Court should not dismiss or stay this declaratory judgment action.

A federal court has discretion in determining whether to abstain from hearing a declaratory action. Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995). The Supreme Court stated that "'[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" Id. at 282 (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)).

In deciding whether to stay the federal action a court should consider "'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" Id. A court should also examine "the scope of the pending state court proceeding and the nature of defenses open there. ... This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that

---

[3] Under R.S. Mo. § 379.200 an equitable garnishment claim against an insurer cannot be brought until thirty days after the entry of the judgment.

proceeding ...." Id. at 283 (internal quotations omitted).

The present declaratory judgment concerns the interpretation of coverage under an insurance contract and is purely a matter of state law. That issue will be litigated by American States as a defense to Inman's state law equitable garnishment suit. That suit will be pending again in state court upon the entry of this order.

Inman, Gates, and American States are already parties to the state garnishment suit. American States has not raised the concern, nor do I find, that there will be any barriers to American States joining American Family in the state court action (assuming without deciding that it is a necessary party to the suit).

When a state court is in a better position to adjudicate a state law matter, permitting a federal action to proceed would be unnecessarily duplicative and uneconomical. Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 875 (8th Cir. 2000).

I find that the present declaratory judgment should be stayed pending the outcome of the state court case. See Royal Indemnity Co. v. Apex Oil Co., _ _ _ F.3d _ _ _ , 2008 WL 34815, *7 (8th Cir. January 2, 2008)("where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case ... fails to resolve the matter in controversy.")(quoting Wilton, 515 U.S. at 288)).[4]

American States' objection on the basis that this action was filed before the equitable garnishment action was filed is not sufficient grounds to deny the motion to stay. This

---

[4] I note that a decision in the state court will act as res judicata in this proceeding if this case is not dismissed by the parties after resolution of the state court case. Wilton, 515 U.S. at 283.

declaratory judgment action was filed more that two years after the underlying personal injury case was filed in state court and only twelve days before the state court entered a judgment in Inman's favor. The summons in this case were not issued until after the judgment was entered in favor of Inman. The summons were served by certified mail on June 14, 2007, less than three weeks before Inman filed her garnishment claim on July 3, 2007. Under Missouri law, Inman was unable to file an equitable garnishment claim against American States until thirty days after the judgment. Inman was not dilatory in filing her garnishment suit against American States, she filed it as soon as was permitted under Missouri law. American State's race to this courthouse should be tempered with permitting state law issues to be timely resolved in state court based on the facts of this case. See Wilton, 515 U.S. at 280 (Supreme Court affirmed district court's stay of insurer's declaratory judgment lawsuit even though it was filed before a state court lawsuit seeking coverage).

Defendants in this declaratory judgment matter have also moved to dismiss based on a lack of complete diversity jurisdiction asserting that American States is deemed to be a Missouri resident under 28 U.S.C. $1332(c)(1). However, that statute does not apply to American States' declaratory judgment action because it is not a direct action *against* an insurer, as required by that statute. It is brought *by* the insurer in this matter.

Defendants have also moved to dismiss for a failure to state a claim. Defendants assert that the complaint fails to assert sufficient facts to state an actual controversy. I find that the complaint contains enough information to state a claim under the very broad pleading standards of Fed. R. Civ. P. 8.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Barbara A. Inman's motion to remand Case

No. 4:07CV1554 RWS [#7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Case No. 4:07CV1554 RWS is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

**IT IS FURTHER ORDERED that** Defendant American States' motion to realign the parties [#27] is **DENIED** as moot.

**IT IS FURTHER ORDERED** Defendant Inman's motion to stay the case in Case No. 4:07CV932 RWS [#13] is **GRANTED**. The Clerk of Court shall administratively close this matter. The parties shall notify the Court of the resolution of the state court equitable garnishment proceeding in a timely matter. Further Court action in this matter will be determined after such notice.

**IT IS FURTHER ORDERED** Defendant Inman's motion to dismiss in Case No. 4:07CV932 RWS [#13] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2008.